## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

MARC HARRIS,

        Petitioner,

        v.

S. SPAULDING, Warden,

        Respondent.

CIVIL ACTION NO. 1:14-cv-02280

(KANE, J.)
(SAPORITO, M.J.)

## REPORT AND RECOMMENDATION

This proceeding was initiated by a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by the *pro se* petitioner, Marc Harris, on November 16, 2014. (Doc. 1). At the time of filing, Harris was incarcerated at FCI Allenwood, which is located in Union County, Pennsylvania (*Id.*).

### I. BACKGROUND

On or about January 20, 2009, Harris was arrested and charged with various state firearms offenses in the Court of Common Pleas of Philadelphia County, Pennsylvania, under Case No. CP-51-CR-0904301-2004. At the time of his arrest, Harris was on parole for an earlier state felony conviction imposed by that same court in Case No. CP-51-CR-

0000953-2009.[1] His maximum term of imprisonment in that earlier state case was to expire on September 4, 2010.

On April 28, 2009, Harris was indicted and charged with the federal offense of possession of a firearm by a convicted felon. On May 15, 2009, the United States Marshals Service (USMS) temporarily borrowed Harris from the primary custody of Pennsylvania authorities pursuant to a writ of habeas corpus *ad prosequendum* so he could appear to answer the federal charges before the United States District Court for the Eastern District of Pennsylvania. On June 11, 2009, state officials dropped the state firearms charges against him in favor of the federal prosecution.

On July 6, 2010, following a guilty plea, Harris was sentenced on the federal firearms offense to serve a term of 180 months in prison, with that term to run concurrently with any state sentence he was already serving. On July 7, 2010, a written judgment of conviction reflecting that sentence was entered. On July 12, 2010, the federal sentencing court entered an amended judgment imposing the same 180-month prison term, but directing that the "sentence shall run concurrently with any state sentence

---

[1] Harris states that he was on parole at the time of his arrest. The respondent states that he was on work release. The nature of his custody status is immaterial to the disposition of this federal habeas petition.

the defendant is now serving, *or any state sentence imposed upon any revocation of parole or release arising from the instant conviction.*" (Doc. 1, at 6 (emphasis added); Doc. 6-2, at 34 (emphasis added). The judgment of conviction was lodged as a detainer with the Pennsylvania Department of Corrections.

On July 27, 2010, the USMS returned Harris to Pennsylvania state authorities to permit him to complete serving his state prison term. On September 4, 2010, state officials released Harris from his state sentence upon expiration of his maximum term of imprisonment and transferred him into federal custody. Harris was taken into custody by the USMS on or about September 8, 2010, which delivered him into the custody of the United States Bureau of Prisons ("BOP") on or about October 5, 2010.

The BOP computed Harris's 180-month federal sentence as commencing on July 6, 2010, the date of his sentencing in the United States District Court for the Eastern District of Pennsylvania. The BOP did not credit him for any time in custody prior to that date because it had already been credited toward his state sentence.

Harris submitted the instant § 2241 petition challenging the computation of his federal sentence. Harris contends that, pursuant to the

language used by the federal sentencing judge in his amended judgment of conviction, his federal sentence should have commenced effective January 20, 2009, the date of the charged offense, or that he should have received credit for time served in state custody between January 20, 2009, and July 6, 2010. The respondent has filed an answer to the petition, and the petitioner has filed a reply. (Doc. 6; Doc. 7).

## II.   DISCUSSION

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241(c)(3). The following statutes are relevant to our evaluation of the petition:

a. 18 U.S.C. § 3584(a), which governs a federal sentencing court's authority to order that a federal sentence be served concurrently with a state sentence;

b. 18 U.S.C. § 3621(b), which governs the BOP's authority to designate a state prison as a place of confinement for service of a federal sentence;

c. 18 U.S.C. § 3585(a), which governs the date upon which a federal sentence commences; and

d. 18 U.S.C § 3585(b), which governs the amount of prior custody credit, or pre-commencement credit, that an inmate may receive.

The BOP's policies regarding sentence computation are set forth in BOP Program Statement 5880.28 ("PS 5880.28"), entitled *Sentence Computation Manual*,[2] and in BOP Program Statement 5160.05 ("PS 5160.05"), entitled *Designation of State Institution for Service of Federal Sentence*.[3] The BOP policies at issue in this case are not published in any federal regulation, and thus they are not subject to public notice and comment before adoption. Although they are not entitled to the deference described in *Chevron U.S.A. v. National Resources Defense Council*, 467 U.S. 837 (1984), they are entitled to "some deference" from this Court so long as they set forth "a permissible construction of" the statutes at issue. *Blood v. Bledsoe*, 648 F.3d 203, 207–08 (3d Cir. 2011) (per curiam).

## A. Imposition of a Concurrent Sentence

Section 3584(a) provides, in relevant part:

---

[2] The respondent has attached a complete copy of PS 5880.28 as Exhibit 2 to its answer to the petition. (Doc. 6-2, at 39, to Doc. 6-4, at 95). It is also available at https://www.bop.gov/policy/progstat/5880_028.pdf.

[3] *Available at* https://www.bop.gov/policy/progstat/5160_005.pdf.

> [I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.[4]

18 U.S.C. § 3584(a). In applying § 3484(a), the BOP presumes that federal and state sentences are to be served consecutively unless the federal sentencing court orders that the sentences are to be served concurrently. *See* PS 5880.28, at 1-31 to 1-33; PS 5160.05, at 2–7.

In this case, the federal sentencing court ordered that Harris's sentence was to be served concurrent with any state sentence that he was already serving, or any state sentence subsequently imposed upon the revocation of parole arising from his federal firearms conviction. Upon its receipt of Harris into federal custody, the BOP computed his sentence, implementing the sentencing court's order that his federal sentence run

---

[4] The BOP recognizes that "[o]n occasion, a federal court will order the federal sentence to run concurrently with or consecutively to a not yet imposed term of imprisonment. Case law supports a court's discretion to enter such an order and the federal sentence shall be enforced in the manner prescribed by the court." PS 5880.28, at 1-32A. The Supreme Court confirmed in *Setser v. United States*, 132 S. Ct. 1463 (2012), that a district court has the authority to order, when it is imposing a federal sentence, that the sentence is to be served consecutive to or concurrent with an anticipated sentence that has not yet been imposed.

concurrent with his state parole revocation sentence, such that it commenced on July 6, 2010—the date when his federal sentence was handed down—and ran concurrently with Harris's state sentence until September 4, 2010—the date when his state sentence expired.

### B. Computation of Federal Sentence

Harris disputes the BOP's sentence computation, arguing that, because the federal sentence ordered that his federal sentence be served concurrently with any state revocation sentence, his federal sentence should have commenced on—or he should have received credit for time served in state custody since—January 20, 2009, the date when he was first arrested and taken into state custody for unlawful possession of a firearm.

"Calculating a term of imprisonment is comprised of two steps." *Williams v. Zickefoose*, 504 Fed. App'x 105, 107 (3d Cir. 2012) (per curiam). The BOP must first determine the date when the term of imprisonment commences. *See* 18 U.S.C. § 3585(a). Next, the BOP must determine whether the inmate is entitled to receive credit for time served in official detention prior to commencement of his sentence. *See id.* § 3585(b).

### 1. *Commencement of Federal Sentence*

With respect to the first step, § 3585(a) provides:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

*Id.* § 3585(a).

Here, Harris was not received into federal custody until September or October 2010.[5] But under 18 U.S.C. § 3621(b), the BOP may retroactively designate a state prison to be the place of commencement of a federal sentence, and the BOP routinely does so where the federal sentencing court orders or recommends that a federal sentence run concurrently with a state sentence already imposed. *See* 18 U.S.C. § 3621(b); PS 5160.05, at 3; PS 5880.28, at 1-13, 1-32 to 1-32A; *Setser v.*

---

[5] Harris argues primarily that his federal sentence should have commenced on January 20, 2009, the date of his arrest and detention in state custody. In the alternative, he appears to argue that his sentence should have commenced on May 15, 2009, the date when he was "borrowed" by federal officials pursuant to a writ of habeas corpus *ad prosequendum*. But "[a] federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus *ad prosequendum* because the state remains the primary custodian in those circumstances." *Dunphy v. Fed. Bureau of Prisons*, Civil No. 1:13-CV-0366, 2013 WL 4543272, at *2 (M.D. Pa. Aug. 27, 2013) (citing *Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002)).

*United States*, 132 S. Ct. 1463, 1467–68 (2012); *Harris v. Bureau of Prisons (BOP) Fed.*, 787 F. Supp. 2d 350, 358 (W.D. Pa. 2011). The BOP will not, however, commence a sentence earlier than the date it is imposed, even if made concurrent with a sentence already being served. *See* PS 5880.28, at 1-13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."); *Rashid v. Quintana*, 372 Fed. App'x 260, 262 (3d Cir. 2010) (per curiam) ("[A] federal sentence cannot begin to run earlier than on the date on which it is imposed."). Thus, in this case, the BOP appropriately designated the correctional facility where Harris was serving the remainder of his state sentence as the place of commencement of his federal sentence on July 6, 2010, the same date when his federal sentence was imposed.

## 2. Calculation of Prior Custody Credit

As discussed above, the second step is to determine the amount of jail credit, if any, that an inmate is entitled to receive for time spent in official detention prior to the commencement of his federal sentence. *See* 18 U.S.C. § 3585(b). This determination is made by the BOP, not the sentencing court. *United States v. Wilson*, 503 U.S. 329, 332–34 (1992); *Mehta v. Wigen*, 597 Fed. App'x 676, 679 (3d Cir. 2015) (per curiam).

Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). "In other words, a federal prisoner can receive credit for certain time spent in official detention before his sentence begins, as long as that time has not been credited against any other sentence. Section 3585(b) makes clear that prior custody credit cannot be double counted." *Williams*, 504 Fed. App'x at 107; *see also Wilson*, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time."); *Vega v. United States*, 493 F.3d 310, 314 (3d Cir. 2007) (holding that BOP did not err when it disallowed credit under § 3585(b) because the time at issue had been credited against the petitioner's state sentence).

Here, the BOP determined that Harris was not entitled to credit for time spent in custody before imposition of his federal sentence on July 6,

2010, because all of that time had been credited to his Pennsylvania sentence. (*See* Doc. 6-2, at 17–19; *id.* at 37–38). The BOP's calculation of Harris's prior custody credit is correct, as Harris precluded by federal statute from receiving double credit for his time in custody between January 20, 2009, and July 5, 2010. *See* 18 U.S.C. § 3585(b); *Wilson*, 503 U.S. at 337; *Vega*, 493 F.3d at 314. Even if the federal sentencing court had desired or intended to give Harris credit for that period of time, it lacked the authority to do so. *See Wilson*, 503 U.S. at 333–34; *Mehta*, 597 Fed. App'x at 679.

## III.   RECOMMENDATION

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.


Dated: September 20, 2016            *s/ Joseph F. Saporito, Jr.*
                                     JOSEPH F. SAPORITO, JR.
                                     United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

MARC HARRIS,

     Petitioner,

     v.

S. SPAULDING, Warden,

     Respondent.

CIVIL ACTION NO. 1:14-cv-02280

(KANE, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated September 20, 2016. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: September 20, 2016

*__s/ Joseph F. Saporito, Jr.__*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge